**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**                    **CIVIL ACTION NO.  09-10654**

  vs.                                          **DISTRICT JUDGE ARTHUR J. TARNOW**

**RAYMOND B. RIPPY,**              **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendant,**

  vs.

**GREATER DETROIT COMMUNITY**
**OUTREACH CENTER, INC. and**
**COMERICA BANK,**

        **Garnishees.**
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION**:     The Request for Hearing About The Garnishment And Claim For Exemptions on the writs of continuing garnishment directed to Greater Detroit Community Outreach Center, Inc., filed on June 4, 2009 by an individual not a party to this action (docket no. 18) should be DISMISSED.

**II.**     **REPORT**:

    **A.**     **Facts and Procedural History**

Defendant Raymond Rippy took a student loan in 1987 in the principal amount of $2,625.00. (Docket no. 1). Defendant defaulted on the loan on August 9, 1988 and has made no payments on the loan. (Docket no. 1). On March 21, 2009 this Court entered a judgment by default against Defendant for the overdue loan, Claim 2009A18869 in the principal amount of $2,625.00 plus prejudgment interest in the amount of $4,500.28 from the date of default through March 21, 2009

plus costs of $350.00 for a total judgment amount of $7,475.28 together with post judgment interest pursuant to 28 U.S.C. § 1961.  (Docket no. 7).  Writs of continuing garnishment were issued and served on the Michigan Department of Treasury on April 21, 2009 and on Greater Detroit Community Outreach Center, Inc. ("Greater Detroit") and Comerica Bank on June 3, 2009. (Docket nos. 12, 16, 17).  This matter is before the Court on Defendant's Request for Hearing About the Garnishment and Claim for Exemptions filed June 4, 2009.  (Docket no. 18.).  The Request for Hearing About the Garnishment and Claim for Exemption was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. 636(b)(1)(B).[1]  (Docket no. 25).  The Court gave notice of the hearing to Defendant Rippy and all counsel of record. (Docket no. 26).  Plaintiff's counsel appeared for hearing on September 2, 2009.

**B.     Analysis**

The document filed with this Court on which the scheduled motion and hearing were held is a form titled "Defendant's Request For Hearing About The Garnishment And Claim For Exemptions." (Docket no. 18).  The form contains the following handwritten statement: "Raymond Rippy is not an employee of Greater Detroit Community Outreach Center.  Last work as [illegible "1099"?] non-employee [illegible] 2007." (Docket no. 18).  It came to the Court's attention that the Request for Hearing form is signed by someone named "Creighton Rippy," not Defendant Raymond Rippy.  The form was carbon copied to the United States District Court, Plaintiff's Counsel and "Raymond Rippy." (Docket no. 18).  Plaintiff's counsel stated at the hearing that Creighton Rippy

---

[1] Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge who is referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  *United States v. Tyson*, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003).

may be Defendant's father and former employer at Greater Detroit. There is no evidence in the record before the Court to support this conclusion. The "Guaranteed Student Loan Application and Promissory Note" dated February 13, 1987 lists "Robert Rippy, Sr." as Defendant/borrower Raymond B. Rippy's father, not Creighton Rippy. (Docket no. 1). Moreover, there is no indication on the Request for Hearing Form that Creighton Rippy signed on behalf of Greater Detroit. (Docket no. 19).

"A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). The garnishee is required to answer a writ of garnishment within 10 days of service of the writ. 28 U.S.C. § 3205(c)(2), (4). A judgment debtor or the United States may "file a written objection to the answer of a garnishee and request a hearing." 28 U.S.C. § 2805(c)(5). Similarly, the United States or the debtor "may request a hearing on the applicability of any exemption claimed by the debtor." 28 U.S.C. § 3014(b)(2). A judgment debtor that claims exemption from a writ of garnishment bears the burden of proving that he is entitled to the exemption. 28 U.S.C. § 3014(b)(2); *U.S. v. Sawaf*, 74 F.3d 119, 122 (6th Cir.1996). The docket does not show that garnishee Greater Detroit filed an answer to Plaintiff's writ of garnishment. Even if Creighton Rippy is an employee or other representative for garnishee Greater Detroit, the Court does not find authority for a garnishee to request a hearing or make a claim for exemptions on behalf of a judgement debtor. *See* 28 U.S.C. § 3205(c)(5), (6).

"[I]t is well-established that a court may raise the issue of subject-matter jurisdiction *sua sponte*." *See CMS North America, Inc. v. De Lorenzo Marble & Tile, Inc.*, 521 F.Supp. 2d 619, 632

3

(W.D. Mich. 2007) (citing *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 606-07 (6th Cir. 2007) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*.") (citation omitted)).  In this matter, the Request For Hearing About Garnishment And Claim For Exemptions dated June 4, 2009 was filed by an individual other than Defendant. Under 28 U.S.C. § 3205 only the debtor or the United States may request a hearing about the garnishment, object to the garnishee's answers and/or claim exemptions after receiving the garnishee's answer.  The Court should find that neither Creighton Rippy nor Garnishee Greater Detroit has standing to Request a Hearing About The Garnishment And Claim For Exemptions and Defendant Rippy has not filed a Request For Hearing About The Garnishment And Claim For Exemptions.

**C.    Conclusion**

The Court should dismiss for lack of subject matter jurisdiction the "Request For Hearing About The Garnishment And Claim For Exemptions" (docket no. 18) which was filed by Creighton Rippy on June 4, 2009.  Fed. R. Civ. P. 12(h)(3).

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D.Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

4

*& Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 14, 2009                s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Raymond B. Rippy and Counsel of Record on this date.

Dated: September 14, 2009                s/ Lisa C. Bartlett
                                         Courtroom Deputy